IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

MICHAEL DERRICK GOINS,           )
                                 )
        Petitioner,               )
                                 )
v.                               )   CV 316-069
                                 )   (Formerly CR 314-002)
UNITED STATES OF AMERICA,        )
                                 )
        Respondent.               )

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. nos. 7, 8.) The Magistrate Judge recommended dismissal of the motion filed pursuant to 28 U.S.C. § 2255 on the basis it is untimely and Petitioner is not eligible for equitable tolling. (See doc. no. 2.) Nothing in Petitioner's objections undermines the Magistrate Judge's recommendation, and only two objections warrant further comment.

Petitioner first objects the Court did not liberally construe his motions requesting documents as a §2255 motion challenging the validity of his sentence. (Doc. no. 7, p. 2.); see United States v. Goins, CR 314-002, doc. nos. 384, 386 (S.D. Ga. April 19, 2016) (hereinafter "CR 314-002"). "Where a [pro se] motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered, and in some instances may be required, . . . to treat that motion as a substantive motion for relief under section 2255." Stewart v. United States, 646 F.3d 856, 857 n. 1 (11th

Cir. 2011); see also Swichkow v. United States, 565 F. App'x 840, 842 (11th Cir. 2014). Here, however, Petitioner's general claims his lawyers' actions constituted "ineffective counsel and an [sic] violation of the Georgia Bar and the American Bar Association" are not "allegations sufficient to support a claim under section 2255." CR 314-002, doc. no. 386, p. 1; Stewart, 646 F.3d at 857, n. 1. Thus, the Court was correct to not construe Petitioner's motions for copies as § 2255 motions.

Petitioner further objects the Court did not grant him equitable tolling, asserting his requests for documents and extensions put the Court on notice of his diligence. (Doc. no. 8, pp. 5-6; see generally doc. no. 7.) However, to be eligible for tolling, Petitioner must show he was diligently pursuing his rights and some extraordinary circumstance stood in his way and prevented filing. Holland v. Florida, 560 U.S. 631, 649 (2010). Whether Petitioner exercised diligence or not, his inability to obtain documents to assist him in preparing his § 2255 motion did not constitute an extraordinary circumstance warranting tolling. See Hansen v. United States, 956 F.2d 245, 248 (11th Cir. 1992) (prisoner not entitled to access to record for purpose of preparing collateral attack on conviction); see also Leroy v. Giles, No. 1:11-CV-991-TMH, 2014 WL 3652311, at *5 (M.D. Ala. July 23, 2014) ("a prisoner is not entitled to obtain records for the purpose of preparing a collateral attack on a criminal conviction"). Thus, Petitioner should not be granted equitable tolling.

Accordingly, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DISMISSES** the § 2255 motion as untimely.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this 18th day of January, 2017, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.